MURRAY TRANSFER COMPANY v. JONES.

Opinion delivered November 15, 1920.

1. WAREHOUSEMEN—FAILURE TO DELIVER GOODS—INSTRUCTION.—In an action against a warehouseman for refusal to deliver goods stored by plaintiff's sister and bequeathed to plaintiff, an instruction that if the goods were placed in storage and charges paid, and plaintiff at the time of demanding the goods offered to pay for having a search made for them, but the offer was declined, and the goods were subsequently sold by defendant, plaintiff would be entitled to recover their value, *held* more favorable to defendant than it had a right to ask, since no duty rested on plaintiff to pay for having the search made.

2. WAREHOUSEMAN—LIABILITY FOR LOSS OF GOODS.—In an action against a warehouseman for failure to deliver goods stored on demand, an instruction that if plaintiff requested delivery and defendant was unable to find the goods after diligent search, and

afterward the defendant sold the goods, and through no negligence of defendant plaintiff was not notified, defendant was not liable, was not erroneous.

3.  Warehouseman—conversion of stored goods.—Where plaintiff's goods were wrongfully sold by the warehouseman with whom they were stored, plaintiff had a right to treat the sale as a conversion, without bringing replevin against the purchaser.

4.  Trial—abstract instruction.—In an action against a warehouseman for failure to deliver goods stored with it, an instruction as to the duty of a warehouseman receiving goods for storage without reward was properly refused where there was no evidence that the goods were stored without reward.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*O. H. Sumpter,* for appellant.

1.   The court erred in overruling the demurrer. There was no allegation as to the contract of bailment between appellee and appellant and no allegation of acceptance of the bailment by appellant.   6 C. J. 1104, 1156.

2.   The court erred in permitting incompetent testimony to go to the jury.

3.   The instructions are erroneous; appellant at the most was liable for bad faith or gross negligence.   6 C. J. 1164.

*John P. Streepey,* for appellee.

1.   The abstract does not comply with rule 9.   105 Ark. 63.

2.   The appellant does not argue the assignments in the motion for new trial and they are waived.   91 Ark. 427-430; 103 *Id.* 391.

3.   The demurrer was properly overruled, the complaint alleges that appellee placed a box in storage with the defendant company and that in appellee's sister placed two boxes storage and later tendered the storage charges, which were feused.   The allegations were sufficient statement that appellee placed her goods in the warehouse and appellant accepted them and subsequently converted them.   The testimony was sufficient to show

delivery and acceptance and the complaint is amended by the proof.   67 Ark. 426-9; 100 *Id*. 212-16.

4.   The incompetent testimony complained of is not set out in appellant's abstract or brief.   104 Ark. 327-343.

5.   The instructions follow the law.   A warehouseman is a bailee for hire, and is held to the care that an ordinarily prudent man would give to his own goods.

SMITH, J.   Appellant assigns as error for the reversal of the judgment, the action of the court in giving and in refusing to give instructions, and in failing to sustain a demurrer to the complaint.

The allegations of the complaint are as follows: That on or about May .........., 1909, Miss Christine Shaffer, a sister of the plaintiff, placed a box of household goods in storage with the defendant, a corporation under the laws of this State, and a year later plaintiff herself placed two boxes of household goods in storage with defendant, and thereafter Miss Shaffer paid the storage charges annually in advance on all of said boxes until her death in April, 1917.   That Miss Shaffer at her death bequeathed her box to plaintiff by will, and immediately thereafter plaintiff went to the office of the defendant company and tendered the charges then due, but the tender was refused by the president of the defendant company, who informed plaintiff that the books of the company did not show that the boxes were then in the company's custody.   Plaintiff insisted that the goods were in the company's warehouse, and offered to pay the charges of having the warehouse searched, but defendant's president refused to permit this to be done, and that thereafter, during the year 1919, the company sold the three boxes at public auction at the courthouse in the city of Hot Springs; and that defendant refused, upon request being made, to recover the goods or to pay their value as damages.   The value was alleged and judgment therefor prayed.

The complaint does not specifically charge that the defendant company was a warehouseman and engaged in that business; but such is the effect of the allegations recited above, and the demurrer was therefore properly overruled.

Plaintiff offered testimony substantially supporting the allegations of her complaint, and the jury found in her favor upon conflicting testimony.

An instruction was given to the effect that, if plaintiff and her sister placed the goods in storage with the defendant, and paid the charges thereon in full, and at the time of the demand for them offered to pay any charges then due, and offered to pay to have the company's storage-room searched for her goods, but that the offer was declined, and that later the goods were sold at public auction by the company, plaintiff would be entitled to recover their value. This instruction was even more favorable to the company than it had the right to ask, as no duty rested on plaintiff to pay for having the company's warehouse searched.

The court gave an instruction to the effect that if plaintiff, after the death of her sister, requested the delivery of her goods, and the company was unable to find them after a diligent search, and afterward the goods were sold and, through no negligence of the company, plaintiff was not notified, and that the company had used reasonable care (such care as an ordinarily prudent person would use) to ascertain the owners of the goods to notify them of the intended sale, the company would not be liable. An exception was saved by the defendant to this instruction. But we think no error was committed in giving it.

The court also charged the jury that, if the goods were sold without authority, plaintiff had the right to treat the sale as a conversion by the company and to sue the company for their value without being required to bring replevin against the purchaser at the sale had by

the company. No error was committed in giving this instruction, as it correctly declared the law.

The court refused to give the only instruction asked by the company. It reads as follows: "The court instructs the jury that one who undertakes, without reward, to take care of the chattels or properties of another is required to use in its performance such care as men of common prudence, however inattentive, ordinarily take of their own affairs, and he will be liable only for bad faith or gross negligence which is an omission of such a degree of care."

A sufficient reason for refusing this instruction was that there was no testimony that the company received goods for storage "without reward" or had received the goods in question for storage "without reward." Upon the contrary, the company's business was that of a warehouseman, and according to plaintiff the charges for storage were paid annually and in advance until the time when the company denied having the goods in their possession.

No error appearing, the judgment is affirmed.